UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KWESI ROSS,

                Plaintiff,                          **FIRST        AMENDED COMPLAINT AND JURY DEMAND**
18 CV 01340 (WFK) (JO)

                -against-

THE CITY OF NEW YORK, AKIL GUY,
SHIBU MADHU, BHUIYAN MAHMUDAL,
HORACIO DELGADO, WARREN HUTCHINSON,
JEREMY KOSTOLNI, KEVIN CAIN, MATT GIUNTA,
SEAN COLLINS, PAUL MUGGEO,

                Defendants.
----------------------------------------------------------X

The Plaintiff, KWESI ROSS, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

**INTRODUCTION**

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

**PARTIES, VENUE AND JURISDICTION**

2.      Plaintiff KWESI ROSS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3.      At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4.      At all relevant times hereinafter mentioned, defendant police officer Akil Guy, shield number 23579, was employed by the City of New York as a member of the NYPD. Guy is sued in his individual and official capacities.

5.      At all relevant times hereinafter mentioned, defendant Lieutenant Shibu Madhu, tax number 944754, was employed by the City of New York as a member of the NYPD. Madhu is sued in his individual and official capacities.

6.      At all relevant times hereinafter mentioned, defendant police officer Bhuiyan Mahmudal, shield number 19636, was employed by the City of New York as a member of the NYPD. Mahmudal is sued in his individual and official capacities.

7.      At all relevant times hereinafter mentioned, defendant police officer Horacio Delgado, shield number 24175, was employed by the City of New York as a member of the NYPD. Delgado is sued in his individual and official capacities.

8.      At all relevant times hereinafter mentioned, defendant police officer Warren Hutchinson, shield number 21648, was employed by the City of New York as a member of the NYPD. Hutchinson is sued in his individual and official capacities.

9.      At all relevant times hereinafter mentioned, defendant police officer Jeremy Kostolni, shield number 7797, was employed by the City of New York as a member of the NYPD. Kostolni is sued in his individual and official capacities.

10.     At all relevant times hereinafter mentioned, defendant Lieutenant Kevin Cain, tax number 936275, was employed by the City of New York as a member of the NYPD. Cain is sued in his individual and official capacities.

11.     At all relevant times hereinafter mentioned, defendant police officer Matt Giunta, Shield No. 04145, was employed by the City of New York as a member of the NYPD. Giunta is sued in his individual and official capacities.

12.     At all relevant times hereinafter mentioned, defendant police officer Sean Collins, Shield No. 29210, was employed by the City of New York as a member of the NYPD. Collins is sued in his individual and official capacities.

13.     At all relevant times hereinafter mentioned, defendant Lieutenant Paul Muggeo, tax number 944834, was employed by the City of New York as a member of the NYPD. Muggeo is sued in his individual and official capacities.

14.     This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

15.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

16.     Plaintiff is an African-American male.

17.     On or about May 16, 2015, at approximately 5:00 p.m., plaintiff was in the area of 716 Miller Avenue in the County of Kings, City and State of New York.

18.     Defendant police officers, including defendant Guy, approached plaintiff and asked plaintiff for his identification card.

19.     Plaintiff explained to the defendants that his mother, who was in close proximity to the plaintiff, had his ID.

20.     Defendants disregarded plaintiff's explanation and arrested plaintiff cuffing plaintiff's hands behind his back despite plaintiff's pleas not to cuff his hands that way because of a prior arm fracture.

21.     Plaintiff was in substantial pain and discomfort and screamed out in pain.

22.     Defendants shoved plaintiff into a van and transferred plaintiff to the precinct.

23.     There was no probable cause for the arrest of plaintiff, nor was there any reasonable basis to believe such cause existed.

24.     When at the precinct, plaintiff was in excruciating pain and asked for medical assistance.

25.     Plaintiff was denied medical assistance for some time.

26.     All charges against plaintiff were false and his arrest was subsequently voided.

4

27.   Once plaintiff was released, plaintiff sought treatment at Brookdale Hospital where he was diagnosed with fractured metacarpal bones, left hand pain, facial abrasion among other injuries.

28.   As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

29.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

30.   At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

31.   At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

32.   At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

33.   The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiff's arrest.

34.     To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

35.      Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

36.     In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CAUSE OF ACTION**
**(§1983 Claim Against the Individual Defendants)**

37.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.     The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

39.     The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

40.     To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

41.     By so doing, the individual defendants subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42.     By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
### (Unreasonable Force)

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

46.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CUASE OF ACTION
**(Failure To Intervene)**

47.     Plaintiff hereby realleges and incorporate by reference all of the preceding paragraphs as through they were fully set forth herein.

48.     The individual defendants unlawfully seized and arrested plaintiff without probable cause to do so.

49.     Plaintiff was aware of his confinement and did not consent to such confinement.

50.     The individual defendant are therefore liable under state law for falsely arresting and imprisoning the plaintiffs.

51.     By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress.

## FOURTH CUASE OF ACTION
**(False Arrest)**

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

55.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
***Monell***

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

58.     Upon information and belief, the municipal defendant was on notice prior to May 16, 2015, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond  to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

59.     Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

60.     Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

61.     Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

62.     The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

63.     Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

64.     These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and

10

thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

65.     The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

66.     The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

67.     By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a)     Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b)     Actual damages in an amount to be determined at trial against the City of New York;

(c)     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)     Such other relief as the Court deems just and proper.

DATED:     March 7, 2018

            Brooklyn, New York


                              _AMY RAMEAU_____
                              Amy Rameau, Esq.

                              The Rameau Law Firm
                              16 Court Street, Suite 2504
                              Brooklyn, New York 11241
                              Phone: (718) 852-4759
                              rameaulawny@gmail.com

                              *Attorney for Plaintiff*


TO:       All  Defendants
          Corporation Counsel  of the  City of New York