```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KWESI ROSS,                                                     :
                                                                :
                          Plaintiff,                            :
                                                                :
              v.                                                :    DECISION & ORDER
                                                                :    18-CV-1340 (WFK) (PK)
AKIL GUY,                                                       :
                                                                :
                          Defendant.                            :
----------------------------------------------------------------X
```
**WILLIAM F. KUNTZ, II, United States District Judge:** By Amended Complaint filed on May 7, 2018, Plaintiff Kwesi Ross ("Plaintiff") brings this action against New York City Police Department ("NYPD") Officer Akil Guy ("Defendant") for excessive force and false arrest under 42 U.S.C. § 1983. Before the Court are the parties' motions in limine. *See* ECF Nos. 83 ("Def. Mem."), 85, 86 ("Pl. Mem."), 91 ("Def. Opp."), 92 ("Lumer Decl."), 93 ("Pl. Opp.") For the reasons that follow, the Court denies in part and grants in part the parties' motions.

## BACKGROUND

Plaintiff filed a Complaint on March 2, 2018, which was subsequently amended on May 7, 2018, against the City of New York and NYPD Officers Akil Guy, Shibu Madhu, Bhuiyan Mahmudal, Horacio Delgado, Warren Hutchinson, Jeremy Kostolni, Kevin Cain, Matt Giunta, Sean Collins, and Paul Muggeo ("Individual Defendants"). *See* Amended Complaint, ECF No. 12; Complaint, ECF No. 1. Plaintiff alleges the Individual Defendants unlawfully arrested him and subjected him to excessive force on or about May 16, 2015. *Id.*

By Decision and Order dated November 25, 2020, the Court granted in part and denied in part Defendants' motion for summary judgment, thereby dismissing Plaintiff's claims against all Defendants except those against Defendant Akil Guy. ECF No. 72. Remaining are Plaintiff's claims of excessive force and false arrest against Officer Akil Guy ("Defendant"), the sole defendant in this action. *Id.*

1

A five-day jury trial in this action is scheduled to commence on March 14, 2022. The Court assumes the parties' familiarity with the facts.

## DISCUSSION

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (Matsumoto, J.) (citing *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* Moreover, "courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (Matsumoto, J.). This determination is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in [earlier statements]. Indeed[,] even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

Relevant evidence is admissible at a judicial hearing. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

I. **Plaintiff's Motions in Limine**

Plaintiff seeks to preclude the following in his pre-trial motions: (1) evidence of Plaintiff's prior arrests; and (2) testimony about Defendant's military service, community service, civic service, or commendations.

### a. *Plaintiff's Prior Arrests*

Other than the arrest at issue, Plaintiff has never been arrested in the United States. Pl. Mem at 2. While a teenager in Guyana, Plaintiff was seized by police for loitering and then released, and was neither handcuffed nor charged with a crime. *Id*. Plaintiff was also briefly detained in France in the late 1990s in connection with an immigration issue but was not subsequently charged with a crime. *Id*. Plaintiff now moves to preclude the Defendant from inquiring into Plaintiff's criminal history outside of the instant arrest.

The Court will allow the admission of Plaintiff's past arrests only if it is offered to assist the jury in assessing Plaintiff's emotional damages. Indeed, courts in this circuit have repeatedly found that a plaintiff's criminal history is relevant for this purpose. *See Wilson v. City of New York*, 06-CV-229, 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006) (Ross, J.) (noting that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained."); *see also Banushi v. Palmer*, No. 08-CV-2937, 2011 WL 13894, at *3 (E.D.N.Y. Jan. 4, 2011), *aff'd*, 500 F. App'x 84 (2d Cir. 2012) (Matsumoto, J.) ("Because a plaintiff who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained, . . . defendants may inquire into plaintiff's past arrests and incarcerations during the damages phase of the trial."). The Court agrees with these cases and holds Defendants may inquire into Plaintiff's past arrests and incarcerations to help the jury assess the extent of Plaintiff's emotional damages.

3

However, the Court recognizes that "[e]vidence of plaintiff's jail time carrie[s] a grave risk of unfair prejudice, confusing the issues, and misleading the jury." *Davis v. Velez*, 15 F. Supp. 3d 234, 252 (E.D.N.Y. 2014) (Weinstein, J.), *aff'd*, 797 F.3d 192 (2d Cir. 2015). Accordingly, the Court will not permit Defendants to inquire into to the nature or the reasons for Plaintiff's past arrests. *See Ramos v. County of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (Spatt, J.) (allowing defendant to question plaintiff about her prior arrests but precluding defendant from inquiring into the reason for the arrest); *see also Edwards v. City of New York*, 08-CV-2199, 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011) (Melancon, J.) ("Defense counsel may be able to present evidence that plaintiff has been arrested and incarcerated before based on plaintiff's testimony during his case-in-chief, but may not in any event inquire as to the nature of the arrests and may only ask about the date and duration of incarceration and the Court will instruct the jury that such evidence may be used only for the purpose of determining damages for emotional distress."); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012) (Brodie, J.) ("Defendants will be permitted to ask Plaintiff if he has previously been arrested and if he has previously been incarcerated. Defendants may also inquire into the dates and duration of Plaintiff's prior incarcerations. Defendants will not be permitted to inquire into the nature of the arrests, or ask any other questions related to Plaintiff's prior arrests or convictions."). Here, the probative value of the existence and timing of Plaintiff's past arrests is not substantially outweighed by the danger of unfair prejudice, particularly given the age of the arrests and the nature of the underlying conduct. If this testimony is elicited at trial, the Court will provide a limiting instruction to the jury that evidence of Plaintiff's arrests is only admissible for the determination of damages. Accordingly, Plaintiff's motion to preclude the introduction of his prior arrests is granted in part and denied in part.

4

### b. *Defendant's Military Service, Community Service, Civic Service, or Commendations*

Plaintiff requests the Court to preclude Defendant from presenting any testimony or evidence of the military service, community service, or other civic involvement or professional commendations of the Defendant or of any witnesses. Pl. Mem. at 4. The Defendant has stated he does not intend to affirmatively offer any "good character" evidence, which would not be permissible under Fed. R. Evid. 404, but does intend to offer testimony of the Defendant and witnesses' experience and qualifications as police officers. Def. Mem. at 3. Accordingly, this motion is granted.

## II.    Defendant's Motions in Limine

Defendant's pre-trial motions seek to preclude the following: (1) Plaintiff's expert testimony; (2) unauthenticated foreign medical records; (3) any trial witnesses not timely disclosed by Plaintiff; (4) evidence or argument purportedly relating to Defendant's bias; (5) reference to defense counsel as City attorneys or any suggestion the City may indemnify the defendant officers; (6) any request of a specific dollar amount from the jury; (7) evidence of NYPD investigations, disciplinary histories, personnel files, and prior lawsuits against Defendant; (8) any mention of unrelated claims of officer misconduct; (9) evidence or argument relating solely to claims that have been dismissed or withdrawn with prejudice; (10) evidence or argument regarding NYPD policies and procedures; and (11) amendment of the caption to reflect the remaining parties.

### a. *Testimony of Plaintiff Experts, Dr. Jamila Codrington and Dr. Ashley Simela*

Federal Rule of Evidence 702 allows the admission of expert testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence

5

or to determine the fact in issue." The testimony must be "based on sufficient facts or data"; "the product of reliable principles and methods"; and the expert witness must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Supreme Court has stated that Rule 702 requires courts to act as gatekeepers to assure that all expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). However, "[i]t is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions[.]" *United States v. Napout*, 963 F.3d 163, 187 (2d Cir. 2020) (quoting *Nimely v. City of New York*, 414 F.3d 381, 395–96 (2d Cir. 2005)). Courts thus begin with "a presumption that expert evidence is admissible." *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 115 (S.D.N.Y. 2015) (Francis, Mag. J.) (citing *Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir. 1995))

*Daubert* lays out four general criteria for determining the validity of an expert's methodology: (1) whether the theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known or potential rates of error with regard to specific techniques; and (4) whether the theory or approach has general acceptance. *Daubert*, 509 U.S. at 593–94. These guidelines do not present a "definitive checklist." *Id.* at 593. The applicability of any one factor will depend "upon the particular circumstances of the particular case at issue." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

### i. Dr. Ashley Simela

Defendant seeks to preclude the expert testimony of Dr. Ashley Simela, a doctor of Osteopathic Medicine, asserting that Dr. Simela's opinions are not reliable and not relevant to Plaintiff's claims. Def. Mem. at 6. Defendant argues Dr. Simela fails to provide the

6

methodology supporting his conclusions and that Dr. Simela's opinions are not relevant because he does not offer an opinion as to whether Plaintiff's injuries were the "foreseeable consequences of any alleged use of force." *Id.* at 6–7, 10.

The Court disagrees. Dr. Simela expressly referenced hospital records contemporaneous to the time of the interaction, which were consistent with Plaintiff's explanation regarding his injuries. Pl. Opp. at 3; Ex. A, Faddis Decl., ECF No. 83-2. Furthermore, Dr. Simela's report reflects he conducted a physical examination of the Plaintiff on the date of the report, which supplied the basis of his opinion of the limited and painful range of motion in the Plaintiff's fingers and spine, as well as his opinion the pain experienced by the Plaintiff was consistent with the injury he reported sustaining on May 16, 2015. "[T]reating physicians have routinely been permitted to testify to determinations that they made in the course of providing treatment regarding the cause of an injury and its severity." *Santoro v. Signature Const., Inc.*, No. 00 CIV. 4595, 2002 WL 31059292, at *4 (S.D.N.Y. Sept. 16, 2002) (Maas, Mag. J.). Dr. Simela's expert testimony is also relevant because it tends to support Plaintiff's claim he sustained certain injuries as a result of his interaction with the Defendant. *See* Fed. R. Evid. 401 (evidence is admissible if it assists the trier of fact in determining a claim is "more probable . . . than it would be without the evidence."). Fed. R. Evid. 401. Additionally, Dr. Simela's expert report includes his opinion as to the medical attention Plaintiff requires in order to treat his injuries, which will be beneficial to the jury in determining damages. The Defendant's motion to exclude or limit the expert testimony of Dr. Simela is denied.

## ii. Dr. Jamila Codrington

Defendant also seeks to preclude the expert testimony of Dr. Jamila Codrington, a licensed psychologist. Def. Mem. at 9. Defendant argues Dr. Codrington's conclusion Plaintiff

suffers from post-traumatic stress disorder is not demonstrated to be based upon her experience or based on a reliable application of her knowledge to the specific facts of the case. *Id.* at 9–10. Plaintiff responds, and the Court agrees, the Defendant's challenges to Dr. Codrington's report are more properly directed to the weight, not the admissibility, of her testimony. That an expert's testimony conflicts with the testimony of another expert or scientific study does not control admissibility; "it is the function of the factfinder, utilizing the 'conventional devices' of 'cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof,' to determine which is the more trustworthy and credible." *In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007) (Weinstein, J.) (quoting *Daubert*, 509 U.S. at 596). Dr. Codrington stated as a basis for her findings a clinical interview with and observation of the Plaintiff, review self-report measures, and review of medical records. Ex. E, Faddis Decl., ECF No. 83-7. The Court denies Defendant's motion to exclude the expert testimony of Dr. Codrington.

### b. *Unauthenticated Foreign Medical Records*

Defendant moves to preclude Plaintiff from offering his medical records from Georgetown Public Hospital into evidence. The Plaintiff has presented no opposition to this motion. To authenticate an item of evidence, the proponent of the evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Foreign records of regularly conducted activity that meet the requirements of Fed. R. Evid. 803(6) must also include a certification "signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed." Fed. R. Evid. 902(12). An out of court statement offered in evidence to prove the truth of the matter asserted is inadmissible hearsay pursuant to Fed. R. Evid. 801 unless it is a hearsay exclusion or

exception under Rules 801(d) or 803. Business records may contain hearsay statements, each of which must independently qualify as a hearsay exception or exclusion in order to be admissible. Fed. R. Evid. 805; *see also United States v. Cruz*, 894 F.2d 41, 44 (2d Cir. 1990) ("Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible."). The Court will only admit authenticated business records, and will not permit hearsay into evidence. The Georgetown Public Hospital report is unauthenticated and lacks proper certification under Fed. R. Evid. 902(12). It will not be admitted.

### c. *Untimely Disclosed Trial Witnesses*

The Defendant seeks to preclude Plaintiff from calling as witnesses Carline Dayly, John Bryan, Eddy Louis, Franklin S. Turetz, and Eric S. Minkin because they were not identified as witnesses in Plaintiff's Fed. R. Civ. P. 26(a) disclosures or in response to interrogatories. Def. Mem. at 13–14. Plaintiff responds that Defendant was sufficiently on notice that John Bryan and Eddy Louis could be called as witnesses. Pl. Mem. at 7. In particular, the Plaintiff notes that Bryan and Louis were present and personally involved in the events at issue in this action, and the Defendant identified both individuals in his own Fed. R. Civ. P. 26(a) initial disclosure submission in May of 2018. *Id.* Plaintiff also argues that in his response to an interrogatory in November 2018, which requested the identity of persons who "witnessed, were present at, or have knowledge of the Incident," he included "[w]itnesses listed in plaintiff and defendants' Initial and Supplemental Disclosures and Discovery Responses." *Id.* at 8. Plaintiff claims he thereby adopted the Defendant's Rule 26(a) submission disclosure of Bryan and Louis. . Plaintiff offers no response with respect to the preclusion of Carline Dayly, Franklin S. Turetz, and Eric S. Minkin.

Fed. R. Civ. P. 37(c)(1) provides that where a party fails to identify a witness as required by Rule 26, the party is not allowed to use that witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." A district court decides whether to exclude testimony under Rule 37(c)(1) is based on "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997)) (alterations in original). Here, Plaintiff does not offer a specific explanation for his failure to comply with the requirement. However, Bryan and Louis are plainly important witnesses to the events at issue in this case, having been present and arrested along with the Plaintiff. The Defendant does not satisfactorily argue he suffers prejudice as a result of having to prepare for the testimony of Bryan and Louis, as he identified both individuals as likely to have discoverable information in his Rule 26(a) initial disclosures in May 2018, and was on notice of Plaintiff's intent to call these witnesses since the submission of the parties' joint pre-trial order in October 2019. The Court will not continue the trial, and will permit the Plaintiff to call John Bryan and Eddy Louis as witnesses. The Court will not permit Plaintiff to call Carline Dayly, Franklin S. Turetz, and Eric S. Minkin, as the Plaintiff has not justified his failure to disclose properly these witnesses. The Defendant's motion to preclude untimely disclosed trial witnesses is granted in part and denied in part.

### d. *Evidence or Argument Relating to Bias*

Defendant asserts Plaintiff should not be permitted to introduce evidence "purporting to relate to bias or prejudice by the defendant, or other police officers, as subjective intent is wholly

10

irrelevant to the issues to be decided by the jury." Def. Mem. at 15. Plaintiff states that he does not intend to inquire into or establish the "racial identity or appearance of the parties." Pl. Mem. at 10. Plaintiff argues that bias may, however, be relevant to the credibility of any testifying witnesses and notes that a "prophylactic ban on evidence that would establish any witness' bias would be fundamentally inappropriate." *Id.* at 11.

The Court agrees that a blanket ruling on the admissibility of bias is premature at this stage. As the parties have noted, evidence of bias is admissible for some, but not all, purposes, including to impeach the credibility of testifying witnesses. *See United States v. Abel*, 469 U.S. 45, 50 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony."). Evidence of bias may not be admissible, however, where its probative value is substantially outweighed by a danger of unfair prejudice or where irrelevant to Plaintiff's claims. *See Calloway v. Hayward*, No. 08-CV-01896, 2017 U.S. Dist. LEXIS 9903, at *10 (E.D. Cal. Jan. 24, 2017) (precluding a plaintiff from introducing evidence of racial discrimination where bias was "irrelevant to [p]laintiff's claims."); *see also Martinez v. City of Chicago*, No. 14-CV-369, 2016 WL 3538823, at *13 (N.D. Ill. June 29, 2016) ("Although racial bias could be relevant to a claim of false arrest, there is no evidentiary basis for introducing allegations of racial animus into this trial").

However, to make these determinations, the Court must consider the specific information about the nature and circumstances of the evidence sought to be introduced. The parties have not put forth such information. The Court therefore denies Defendant's request to preclude evidence regarding bias. *See Johns v. Village of Sauk Village*, 98 F. Supp. 2d 968, 970 (N.D. Ill. 2000)

(denying motion in limine to exclude evidence of bias where the Court has "no details" for it to determine its admissibility).

### e. *Reference to Defense Counsel as "City Attorneys" or Suggestion Regarding City Indemnification of the Defendant*

Defendant moves to preclude Plaintiff from referring to the Defendant or to defense counsel as "the City" or "City attorneys," and from implying the City may indemnify the Defendant. Plaintiff claims such references would be prejudicial to the Defendant and may create the impression the City, "often viewed as a deep pocket[,] will pay any potential verdict." Def. Mem. at 17. The Plaintiff states he will not refer to defense counsel as "City attorneys." Pl. Mem. at 11–12. The Plaintiff also responds he has no intention of referencing the possibility the City will indemnify the Defendant, but argues Defendant should not be permitted to himself raise the issue by suggestion to the jury the Defendant may have to bear personally the burden of any judgment. *Id.*

Courts in this district have concluded reference to defense counsel as "City attorneys" in § 1983 cases may unfairly prejudice defendants. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (Matsumoto, J.) (precluding evidence defense counsel are City attorneys, and the City may indemnify defendants on the grounds it would unfairly prejudice defendants); *Hernandez v. Kelly*, No. 09 CV 1576 TLM LB, 2011 WL 2117611, at *6 (E.D.N.Y. May 27, 2011) (Bloom, Mag. J.). This Court agrees with and adopts a similar approach: Plaintiff may not refer to defense counsel as the "City," or "City attorneys."

Whether the City would indemnify the Defendant will have little relevance to the issues before the jury, and this limited relevance is substantially outweighed by the danger of unfair prejudice to the Defendant. *See Edwards v. City of New York*, 8-CV-2199, 2011 WL 2748665, at

12

*5 (E.D.N.Y. July 13, 2011) (Melancon, J.) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City."); *Othman v. Benson*, 13-CV-4771, 2019 WL 1118035, at *4 (E.D.N.Y. Mar. 11, 2019) (Garaufis, J.) (finding indemnification agreement had attenuated probative value to § 1983 excessive force claim). Reference to possible indemnification by the City may also "encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill." *Williams v. McCarthy*, 05-CV-10230, 2007 WL 3125314, at *7 n.46 (S.D.N.Y. Oct. 25, 2007) (Scheindlin, J.) (quoting *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)); *Hernandez v. Kelly*, 09-CV-1576, 2011 WL 2117611, at *6 (E.D.N.Y. May 27, 2011) (Bloom, Mag. J.) (precluding admission of indemnity agreement and noting that if jury "see[s] a 'deep pocket' they may not carefully assess issues of liability/damages."). The Court grants Defendant's motion to exclude reference to indemnification.

However, if Defendant raises the issue of his personal financial resources or ability to pay damages, he would "open the door" and allow Plaintiff to introduce evidence of the indemnity agreement. *See Anderson v. Aparicio*, 25 F.Supp. 3d 303, 314 (E.D.N.Y. 2014) (Brown, Mag. J.) ("The law is clear that a defendant may 'open the door' to admission of an indemnity agreement by introducing evidence of financial constraint.").

### f. *Request for a Specific Dollar Amount from the Jury*

The Defendant requests the Court preclude the Plaintiff from requesting a specific dollar amount from the jury. Def. Mem. at 20. The Second Circuit has "not adopted a per se rule about the propriety of suggested damage amounts." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Instead, whether Plaintiff's counsel may suggest a specific dollar amount as to damages is within the discretion of the trial court, "who may either prohibit counsel from

mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Id.* In the context of monetary awards for pain and suffering, "specifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).

Accordingly, the Court will adopt the approach of other Courts in this circuit and prohibit Plaintiff from submitting to the jury a request for a specific dollar amount regarding his non-economic damages. *See Ashley v. Civ.*, 14-CV-5559, 2019 WL 1441124, at *11 (E.D.N.Y. Apr. 1, 2019) (Garaufis, J.); *see also Equal Emp. Opportunity Comm'n v. United Health Programs of Am., Inc.*, 14-CV-3673, 2017 WL 10088567, at *13 (E.D.N.Y. Sept. 4, 2017) (Matsumoto, J.) ("The court will, therefore, preclude plaintiffs from suggesting or requesting at trial a specific dollar amount regarding their noneconomic damages"); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) (Matsumoto, J.) (precluding plaintiff's counsel from submitting a specific dollar amount regarding damages for pain and suffering, but permitting plaintiff's counsel to submit a dollar amount regarding other compensable damages if supported by admissible evidence during case in chief). Plaintiff is permitted to present argumentation to the jury with respect to a specific dollar amount for other compensable damages, such as previously incurred or foreseeable medical expenses, if supported by admissible evidence. Therefore, Defendant's motion to preclude Plaintiff from requesting a specific dollar amount from the jury is granted in part and denied in part.

### g. *Evidence of NYPD Investigations, Disciplinary Histories, Personnel Files, and Prior Lawsuits, as well as Unrelated Claims of Officer Misconduct*

Defendant moves for Plaintiff to be precluded from introducing evidence related to NYPD investigations, disciplinary histories, personnel files, prior lawsuits, as well as unrelated

claims of officer misconduct, class actions, and criminal investigations. Def. Mem. at 21–24. The Plaintiff responds that he does not intend to introduce such evidence. Pl. Mem. at 13–14. Therefore, this motion is granted and the disciplinary records will not be admitted.

### h. *Evidence or Argument Relating Solely to Claims Dismissed or Withdrawn with Prejudice*

The Defendant requests Plaintiff be precluded from introducing evidence or making arguments relating solely to claims dismissed, as irrelevant to the Plaintiff's remaining claims. Def. Mem. at 24. Defendant also notes Plaintiff should be precluded from offering evidence or argument relating to the disposition of his criminal charges but cites no support for this argument. *Id.* at 25. Plaintiff responds he does not intend to make arguments or present evidence relating to claims previouly dismissed or withdrawn. Pl. Mem. at 15. However, Plaintiff argues evidence he was never prosecuted pursuant to his arrest is proper to present to a jury and is relevant to his claim for false arrest. *Id.* at 14.

"To establish a claim under § 1983 for false arrest a plaintiff must show: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Carson v. Lewis*, 35 F.Supp.2d 250, 257 (E.D.N.Y. 1999) (Seybert, J.) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). The existence of probable cause is a complete defense to a § 1983 claim for false arrest. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Singer*, 63 F.3d at 118. A police officer has probable cause to arrest when he has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852. The validity of an arrest does

not depend upon a finding that the arrested person is guilty. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). However, the guilt or innocence of an arrested person may still be relevant to the jury in considering a false arrest claim. *See Hurt v. Vantlin*, No. 31-04CV-00092, 2019 WL 6828153, at *2 (S.D. Ind. Dec. 13, 2019) (finding admissible evidence that no criminal charges were filed against a plaintiff, because this information was relevant and necessary to the jury to evaluate damages); *Orlowski v. Eriksen*, No. 07 CV 4015, 2009 WL 2366050, at *5 (N.D. Ill. July 31, 2009) (agreeing with the plaintiff evidence of his not guilty verdict was admissible and relevant to his claims of false arrest under 42 U.S.C. § 1983 and malicious prosecution). Plaintiff asserts, and the Court agrees, precluding admission of the fact Plaintiff was not prosecuted following this arrest would be misleading to the jury and risks confusing the jury about whether Plaintiff was convicted of any offense. Pl. Mem. at 14. Evidence no criminal charges were filed against Plaintiff will be admitted at trial. Because Plaintiff does not intend to put forth argumentation or evidence relating to claims dismissed or withdrawn, Defendant's motion to preclude such argumentation and evidence is granted.

### i. *Evidence or Argument Regarding NYPD Policies and Procedures*

Defendant seeks to preclude Plaintiff from offering evidence or argument related to NYPD policies and procedures as irrelevant, unfairly prejudicial, and confusing to the jury. Def. Mem. at 26–27. Plaintiff disagrees, arguing that the question whether Defendant or other NYPD officers violated the NYPD Patrol Guide is a factor in determining whether Defendant's actions were reasonable. Pl. Mem. at 16.

"In constitutional tort cases, expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful." *Nnodimele v. Derienzo*, 2016 WL 3561708, at *14 (E.D.N.Y. June 27, 2016) (Ross, J.) (finding the Patrol Guide a relevant and

16

probative source of information). "Although a violation of the Patrol Guide is not necessarily a violation of constitutional rights just as a violation of constitutional rights is not necessarily a violation of the Patrol Guide, the Patrol Guide is relevant for the same reasons as evidence of lesser degrees of force [an officer] could have used. It is relevant in determining how a reasonable officer might comport himself under the circumstances." *Collado v. City of New York*, 2017 WL 4533772, at * 3 (S.D.N.Y. Sept. 27, 2017) (Batts, J.); *see also Tardif v. City of N.Y.*, No. 13-cv-4056, 2017 WL 3634612 (S.D.N.Y. Aug. 23, 2017) (Wood, J.) ("Whether the officers violated the NYPD Patrol Guide remains a significant factor to be considered in ultimately determining whether the officers' actions that day were reasonable."). Indeed, the "Patrol Guide has frequently been accepted as evidence of the standard of care to be exercised by a police officer." *Smith v. City of New York*, 2015 WL 4643125, at *3 (S.D.N.Y. Aug. 5, 2015) (Buchwald, J.). Accordingly, the Court will allow Plaintiff to question Defendant and other NYPD witnesses about relevant portions of the NYPD Patrol Guide and other governing regulations applicable to the Defendant's conduct in this case. Defendant's request to preclude all reference to or evidence of NYPD procedure or the NYPD Patrol Guide is denied, but reference to the Patrol Guide must be limited to relevant portions of the Patrol Guide.

### j. *Amendment of the Caption*

The Defendant also moves to amend the caption to remove the City of New York as well as all other previously named individual defendants. Official captions may be amended with Court permission. *Tchatat v. City of New York*, 795 F. App'x 34, 38 (2d Cir. 2019) (summary order). The Plaintiff has filed no opposition to this request, and Defendant Guy is the only remaining defendant in this action following the November 25, 2020 Decision and Order. *See*

17

ECF No. 72. Therefore, the motion to amend the case caption has been granted, and the caption has been modified.

## CONCLUSION

The Plaintiff's motion to preclude evidence of his prior arrests is granted in part and denied in part. Plaintiff's motion to preclude Defendant from presenting any testimony or evidence of the military service, community service, or other civic involvement or professional commendations of the Defendant or witnesses is granted. Defendant's motion to preclude the testimony of the Plaintiff's experts, Drs. Simela and Codrington, is denied. Defendant's motion to preclude the admission of the unauthenticated foreign medical record is granted. Defendant's motion to preclude untimely disclosed trial witnesses is granted in part and denied in part. Defendant's motion to preclude evidence or argument relating to bias is denied. Defendant's motion to preclude Plaintiff's reference to defense counsel as City attorneys or suggestion the City may indemnify the Defendant is granted. Defendant's motion to preclude Plaintiff from requesting any specific dollar amount from the jury is granted in part and denied in part. Defendant's motion to preclude evidence related to NYPD investigations, disciplinary histories, personnel files, prior lawsuits, as well as unrelated claims of officer misconduct, class actions, and criminal investigations is granted. Defendant's motion to preclude argumentation or evidence relating to claims previously dismissed or withdrawn is granted. Defendant's motion to preclude all reference to or evidence of NYPD procedure or the NYPD Patrol Guide is denied. Finally, Defendant's motion to amend the caption has been granted. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 83 and 85.

SO ORDERED.

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2022
      Brooklyn, New York