UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KWESI ROSS,              :
                         :
           Plaintiff,    :
                         :
      v.                 :    **DECISION & ORDER**
                         :    18-CV-1340 (WFK)
AKIL GUY,                :
                         :
           Defendant.    :
----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:** Before the Court is Defendant Akil Guy's motion under Fed. R. Civ. P. 37(b) for sanctions against Plaintiff Kwesi Ross for failing to properly preserve medical records from a hospital in Guyana regarding the Plaintiff's 2015 motorcycle accident. For the reasons set forth below, the Defendant's motion is granted in part and denied in part.

## FACTS

The Court assumes the parties' familiarity with the facts and procedural history of this case. A five-day jury trial in this action commenced on Monday, March 14, 2022. On Tuesday, March 15, 2022, Plaintiff called as a witness the Plaintiff's mother, Faye Philander, with whom he lived at the time of the arrest that led to the instant action. Mar. 15, 2022 Trial Transcript ("Mar. 15 Tr.") at 307. Ms. Philander testified that following Plaintiff's arrest, she went to the 75th Precinct and brought with her x-rays of the Plaintiff from Guyana. Mar. 15 Tr. at 288-90. On cross examination, Ms. Philander testified that she possessed medical records, including x-rays, relating to Plaintiff's 2012 and 2015 motorcycle accidents, which she brought to the United States from Guyana. *Id*. at 304-07. In response to the question whether she had ever given those x-rays to Plaintiff's lawyer in this lawsuit, Ms. Philander stated, "I thought [I was] not supposed to give to my son['s] lawyer. I brought those from Guyana." *Id*. at 305. Ms. Philander also testified that she had never been asked, by the Plaintiff or others, to produce records in her

possession relating to the Plaintiff's medical care in this lawsuit. *Id*. at 305, 307. She also admitted that Plaintiff was aware she possessed his medical records. *Id*. at 306.

  The Defendant moved to compel the Plaintiff to produce these records. *Id*. at 350. In support, Defendant argued that the Plaintiff was obligated to produce these medical records because they belonged to him and were in his mother's bedroom in an apartment in which he lived. *Id*. The Defendant also noted that the parties had had multiple conversations about the need for the medical records from Guyana and that Defendant had received explicit representations from the Plaintiff that the medical records that had been produced (approximately twelve pages of documents) constituted the entirety of what Plaintiff had been able to acquire through relatives in Guyana. *Id*. In response, the Court ordered the Plaintiff to produce the medical records to the Defendant within twenty-four hours, noting that the documents were clearly relevant to this litigation. *Id*. at 350-51.

  On March 16, 2022, the Defendant informed the Court it received additional medical records from the Plaintiff but the records were incomplete. Mar. 16, 2022 Trial Transcript ("Mar. 16 Tr.") at 420-21. Specifically, the Defendant stated no medical records from 2015 were produced despite Ms. Philander's testimony that she possessed those records. *Id*. The Defendant then moved under Federal Rule of Civil Procedure 37 to dismiss the Plaintiff's claim for damages with respect to the physical injuries of his left hand and left leg, which were the subject of the records. *Id*. at 423-24.

  Defendant argued the Plaintiff's expert witness, orthopedic expert Dr. Ashley Simela, should not be permitted to testify because her testimony related to Plaintiff's hand and leg injuries, because Plaintiff failed to produce the 2015 medical records regarding those injuries. Sidebar Transcript ("Sidebar Tr.") at 4-5. Defendant argued that the Defendant had been

precluded from ascertaining the condition of the Plaintiff's hand and leg immediately preceding the arrest at issue due to the Plaintiff's failure to produce the medical records. Sidebar Tr. at 5. In response, the Plaintiff asserted the expert testimony would support a causal connection between the incident and the damage to the surgical implant within the Plaintiff's leg. *Id*. at 6. The Court granted the defense motion as to the spoliation of the medical records and precluded the witness from testifying. *Id*. at 7.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 37 establishes the consequences for a failure to make required discovery disclosures. *See* Fed. R. Civ. P. 37. Specifically, under Rule 37(c)(1), "[if] a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may also "impose other appropriate sanctions . . . ." Fed. R. Civ. P. 37(c)(1)(C).

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Raymond v. City of New York*, No. 15-CV-6885, 2020 U.S. Dist. LEXIS 64601, 2020 WL 1847556, at *5 (S.D.N.Y. Apr. 13, 2020) (Cave, Mag. J.) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Rule 37 permits a court to impose sanctions for spoliation if the spoliation constitutes a discovery order violation. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002); *Taylor v. City of New York*, 293 F.R.D. 601, 609 (S.D.N.Y. 2013) (Patterson, J.). When the spoliation is negligent, the party seeking sanctions must prove the evidence was relevant. *See Grief v. Nassau*

*Cty.*, No. 15-CV-7240, 2022 U.S. Dist. LEXIS 19055 at *9 (E.D.N.Y. Feb. 2, 2022) (Seybert, J.) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). "Relevance is construed broadly, and the requested [evidence] must be more than a mere 'fishing expedition.'" *Grief*, 2022 U.S. Dist. LEXIS 19055, at *10 (citing *Raymond*, 2020 U.S. Dist. LEXIS 64601, at *5).

District courts have broad discretion in crafting the appropriate sanctions under Rule 37. *Xiao Hong Zheng v. Perfect Team Corp.,* 739 F. App'x 658, 661 (2d Cir. 2018); *see also Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis."). In any event, when determining a spoliation motion, "a court should impose the least harsh sanction that can provide an adequate remedy." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014) (Cott, Mag. J.) (internal quotations and citation omitted). The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *West*, 167 F.3d at 779 (internal quotations and citation omitted).

## II. Application

The failure to disclose the Plaintiff's medical records in this case constitutes spoliation of evidence. The medical records in question are certainly relevant to the instant litigation. The records pertain to injuries sustained by Plaintiff mere months before the arrest that is the subject of this litigation. The injuries Plaintiff sustained in the 2015 motorcycle accident also impacted

the same side of his body that was allegedly re-injured during his arrest. These medical records thus go directly to whether and to what extent Plaintiff suffered injuries during the arrest.

Accordingly, these documents should have been preserved "for another's use as evidence in pending or reasonably foreseeable litigation." *Raymond*, 2020 U.S. Dist. LEXIS 64601, at *5. Here, not only was the litigation foreseeable at the time the Court ordered the Plaintiff to produce the 2015 medical records, trial was ongoing. Plaintiff's witness testified to her present possession of the records. Plaintiff then failed to produce the medical records pursuant to this Court's order. Thus, the documents were not properly maintained, and Plaintiff's failure to disclose them constitutes spoliation.

Pursuant to this Court's discretion to impose sanctions for spoliation under Rule 37, the Court therefore excludes the testimony of the Plaintiff's orthopedic expert, Dr. Simela, regarding the nature and causation of the Plaintiff's alleged injuries. To permit this expert to testify would be to prejudice the Defendant by admitting evidence of the Plaintiff's alleged injuries without providing the Defendant with the benefit of viewing the undisclosed evidence of those same injuries. Preclusion of this expert is therefore the least harsh sanction available that provides an adequate remedy to the Defendant. The Court notes Plaintiff may pursue other means to establish his claim for damages relating to his left leg and arm.

## CONCLUSION

For the foregoing reasons, Defendant's motion under Fed. R. Civ. P. 37(b) for sanctions is granted in part and denied in part.

SO ORDERED.

**s/ WFK**

_____

                                                      HON. WILLIAM F. KUNTZ, II
                                                      UNITED STATES DISTRICT JUDGE

Dated:  March 16, 2022
         Brooklyn, New York