

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
Phone: (212) 356-2262
Fax: (212) 356-3509
egottste@law.nyc.gov

March 17, 2022

**VIA E.C.F.**
Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Kwesi Ross v. Akil Guy</u>, 18-CV-1340 (WFK) (JO)

Your Honor:

  I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant Akil Guy in the above-referenced action. Defendant writes to respectfully request a revision to the spoliation instruction in the Court's Exhibit 1A: Jury Charge, hard copies of which were provided to the parties in Court this evening, so that the charge is consistent with the Court's Decision & Order, dated March 16, 2022. To the extent that Your Honor is disinclined to instruct the jury as to the Court's prior spoliation ruling as a matter of law, defendant respectfully requests that the spoliation instruction be removed in its entirety.

  The Court has held, as a matter of law, that plaintiff's failure to disclose medical records related to his 2015 motorcycle accident injuries "constitutes spoliation of evidence." Decision & Order at 4, ECF No. 96. The Court also held, as a matter of law, that the "medical records in question are certainly relevant to the instant litigation." *Id.* As such, the Jury Charge on this issue should be consistent with the Court's decision. Accordingly, defendant proposes the following language to replace the spoliation instruction on pages 15–16 of the Court's Exhibit 1A:

  "You have heard testimony about evidence which has not been produced. Specifically, you have heard testimony about certain medical records related to plaintiff's 2015 motorcycle accident. The Court has found that this evidence was in plaintiff's control and was relevant to the matter in controversy. With respect to these records, you are permitted, but not required, to infer that the evidence would have been unfavorable to the plaintiff."

As the charge is currently drafted in the Court's Exhibit 1A, it welcomes the jury to debate and decide an issue that (1) the Court has already decided as a matter of law, and (2) is tangential to its ultimate decisions in this matter. The proposed language set forth above allows the jury to accept the Court's prior finding of spoliation as a matter of law, and tasks them with deciding only whether they wish to infer that the evidence would have been unfavorable to plaintiff.

To the extent that the Court is disinclined to instruct the jury as to the Court's prior spoliation ruling as a matter of law, defendant respectfully requests that the language regarding spoliation be deleted in its entirety.

Defendant thanks the Court for its consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  <u>VIA E.C.F.</u>:
Amy Rameau, Esq.
Michael Lumer, Esq.
*Counsel for Plaintiff*